UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RAVEN DIAZ,                                       :

                Plaintiff,      :

            v.                                      :           **ORDER**

MARRIOTT INTERNATIONAL, INC.      :
                                                19-CV-3865 (AJN) (KNF)
                Defendant.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**PLAINTIFF'S REQUEST FOR RECONSIDERATION DOCKET ENTRY NO. 64**

On February 9, 2021, the Court denied the plaintiff's February 2, 2021 request to compel the defendant to respond to the plaintiff's November 24, 2020 discovery requests because they were not made timely, since discovery had to be initiated so as to be completed on or before November 24, 2020, and the plaintiff failed to satisfy Fed. R. Civ. P. 37's certification requirement. See Docket Entry No. 63. Before the Court is the plaintiff's letter dated February 22, 2021, asking: (a) for reconsideration of the February 9, 2021 denial; or (b) alternatively, that the Court "extend discovery until 35 days after the Court rules on this request." Docket Entry No.64. The plaintiff asserts that "[i]n my original letter, I neglected to provide the Court with adequate reasons for ruling in my favor and hope to correct that omission here." The plaintiff contends that the November 24, 2020 discovery requests "mainly sought documents requested in October 2019, but never produced." According to the plaintiff:

> In the deposition of Hassiel Guzman taken on 11-23-20, Mr. Walker (NYLAG counsel) asked Mr. Guzman if there was a separate list of potential carvers for each banquet event, to which Mr. Guzman said he was not sure. Mr. Walker then requested that those records be produced if they were in Marriott's possession, to which counsel for Marriott (Mr. Douglas) responded:

1

Mr. Douglas: "I am just going to put my objection on record. To the extent that that's been requested in discovery, we've produced everything that's in our possession."
Mr. Walker: "Okay. I don't remember seeing anything like that."
Mr. Douglas: "That's it."
Mr. Walker: "So I'm going to probably have to - - go ahead."
Mr. Douglas: "Jim, you can put it - - you can make the request in writing after the deposition."
Mr. Walker: "Right. Right" [Dep p. 72, l.21 to p. 72, l.16.]
My 11-24-20 request for documents was sent the very next day.
 Finally, I am certifying that I did engage with Defendant in an attempt to get Defendants to produce the documents requested in my 11-24-20 demand, and they refused my request.

**DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S REQUEST DOCKET ENTRY NO. 67**

By a letter dated March 2, 2021, the defendant opposes the plaintiff's request for reconsideration because: (1) "Plaintiff fails to meet the strict standard necessary to prevail on a Motion for Reconsideration"; (2) "the facts and information that Plaintiff presents on her Motion for Reconsideration were available when she made her initial Motion to Compel Discovery"; and (3) "Plaintiff presents incomplete and inaccurate information in support of her Motion for Reconsideration." Docket Entry No. 67.  The defendant contends:

> From the time that Plaintiff opted to proceed pro se in July 2020 until November 24 2020, Plaintiff failed to make any request for further discovery in writing or to provide any notice of any alleged existing deficiencies in Defendant's production despite amble opportunity for her to do so. Furthermore, Plaintiff failed to request an additional extension of time on November 24, 2020 to be able to conduct further discovery.  Finally, Plaintiff filed her motion to compel discovery on February 2, 2020—eight (8) days after Defendant filed its initial papers in support of its Motion for Summary Judgment.

**LEGAL STANDARD**

Local Civil Rule 6.3 of this court provides

> Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order

2

resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. civ. P. 6(b)(1)(B).

## APPLICATION OF LEGAL STANDARD

Notwithstanding that the plaintiff's letter-request does not comply with Local Civil Rule 6.3, and that the plaintiff, proceeding pro se attempted in the February 22, 2021 letter to cure deficiencies in the February 2, 2021 request that was denied by the Court's February 9, 2021 order, the plaintiff did not explain in either the February 2, 2021 or February 22, 2021 letter why the plaintiff: (a) did not raise, prior to February 2021, the alleged deficiencies in the defendant's response to the October 11, 2019 discovery request; (b) did not seek timely an extension of time to complete discovery, knowing that the last date to complete pretrial discovery activities was November 24, 2020; and (c) waited until February 2, 2021, after the defendant's January 25, 2021 motion for summary judgment was made, to raise the issue of the defendant's refusal to produce documents requested on November 24, 2020.  The plaintiff did not act diligently and did not provide any explanation for her lack of diligence.  The plaintiff failed to show that the Court overlooked any matters or controlling decisions when it denied the plaintiff's February 2, 2021

3

request. Accordingly, the plaintiff's request for reconsideration of the February 9, 2021 order, Docket Entry No. 64, is denied.

Dated: New York, New York  SO ORDERED:
       March 11, 2021

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE